DECISION
Plaintiffs appeal Defendant's decision to impose additional property taxes on their property identified as Account 11006. This matter is before the court on cross motions for summary judgment filed by the parties. There is no dispute of material fact.
 I. STATEMENT OF FACTS
Plaintiffs filed an application with the Crook County Planning Commission for a "Zoning Map Amendment to change the zoning classification of a portion of the subject property from Exclusive Farm Use EFU-2 to Suburban Residential SR-1." (Def's Ex B.) On May 29, 2007, the following was recorded: "AN ORDINANCE AMENDING THE ZONING MAP DESIGNATION FROM EFU2 (EXCLUSIVE FARM USE) TO SR1 (SUBURBAN RESIDENTIAL) FOR LANDS NORTH OF THE CITY OF PRINEVILLE WITHIN THE ADOPTED UGB OF THE CITY." (Def's Ex not labeled.)
In a document titled "DISQUALIFICATION FOR CHANGE OF ZONING," dated August 13, 2008, Defendant notified Plaintiffs that the subject property was "disqualified or declassified" from "farm use special assessment because the owner has initiated a removal of the *Page 2 
land from an EFU zone, ORS 308A.113(1)(b)." (Ptfs' Compl at 2.) That document stated that "[t]he additional tax is required to be paid and cannot be deferred under ORS 308A.706(1)(d) for this disqualification." (Id.)
There is no dispute that Plaintiffs requested the zoning change. It is the zoning change that results in the parties reaching a different conclusion on the imposition of additional property taxes. The parties stipulate that the subject property "is still in farm deferral as prescribed in ORS 308A.724(c)." (Def's Ltr at 1, Mar 9, 2009; Ptfs' Ltr, Mar 17, 2009.) Plaintiffs conclude that because "[t]he land meets the criteria established by ORS 308A.706, and as long as I [Gregory P. Lynch] make a timely application under ORS 308A.724, any deferred property taxes should and would under the applicable statutes, remain a potential additional tax liability." (Ptfs' Ltr, Mar 17, 2009.) In response, Defendant wrote:
 "The county holds the position that ORS 308A.709
mandates that the additional taxes be imposed, meaning the additional taxes are calculated and posted to the tax roll as a lien and are due and payable on the next general tax roll.
 "The fact that the additional taxes must be imposed per ORS 308A.709 negates any deferral of the additional taxes under ORS 308[A].706."
(Def's Ltr, March 18, 2009.)
 II. ANALYSIS
Under ORS 308A.062(1), [1] "[a]ny land that is within an exclusive farm use zone and that is used exclusively for farm use shall qualify for farm use special assessment under ORS 308A.050 to 308A.128." As of May 29, 2007, the subject property was no longer within an exclusive farm use zone. At Plaintiffs' request, the Crook County Planning Commission amended the zoning classification from EFU-2 to SR-1. *Page 3 
Even though the use of the subject property remained the same, the subject property failed to meet one of the two statutory requirements for special assessment — specifically, the land was no longer in an exclusive farm use zone. "Land within an exclusive farm use zone shall be disqualified from special assessment under ORS 308A.062 by: * * * (b) Removal of the land from any exclusive farm use zone." ORS 308A.113(1) (emphasis added). After the subject property was removed from an exclusive farm use zone, Defendant notified Plaintiff that the subject property was "disqualified from special assessment." (Id.)
ORS 308A.113(4) directs that "[u]pon disqualification, additional taxes shall be determined as provided in ORS 308A.700 to 308A.733." ORS308A.703(2) states that "an additional tax shall be added to the tax extended against the land on the next assessment and tax roll, to be collected and distributed in the same manner as other ad valorem property tax moneys." (emphasis added.) Even though ORS 308A.703 states that "an additional tax shall be added" to the tax roll, ORS 308A.706
lists specific circumstances when an additional tax may be deferred. Plaintiffs state that they meet the circumstance set forth in ORS308A.706(1)(a), [2] which permits the additional tax to be deferred. No evidence to the contrary was presented to the court. Plaintiffs conclude that they need to file an application for special assessment if they qualify for deferral under ORS 308A.706(1)(a.) The court finds no such requirement. *Page 4 
ORS 308A.724 requires an application to be filed if an taxpayer is seeking deferral under ORS 308A.706(1)(d).[3] Plaintiffs would be correct that they need to file an application if the land is "[q]ualified for special assessment under: * * * ORS 308A.068, relating to farm use special assessment of nonexclusive farm use zone farmland" or one of the other statutory provisions set forth in ORS 308A.706(1)(d). The computation of deferred additional property taxes for land that meets either the statutory provisions of ORS 308A.706(1)(a) or 308A.706(1)(d) is found in ORS 308A.712.
ORS 308A.709 lists specific circumstances when an additional tax is not imposed. ORS 308A.709 states that even though "land may have been disqualified from special assessment, no additional taxes may be imposed under ORS 308A.703 if, as of the date the disqualification," the land meets one of the circumstances listed in ORS 308A.709 (1) through (7). Plaintiffs do not assert that any of those circumstances are met nor are they asserting that additional taxes cannot be imposed.
Defendant incorrectly concludes that "ORS 308A.709 mandates that the additional taxes be imposed" if one of the circumstances are not met. (Def's Ltr, Mar 18, 2009.) ORS 308A.709 sets forth circumstances when the additional taxes may not be imposed, not the contrary. There is no statutory link between ORS 308A.706 and ORS 308A.709. Each statute deals with separate circumstances. The only common statutory reference between the two statutes is ORS 308A.703, which imposes additional taxes, and each statute (ORS 308A.706 and ORS 308A.709) begins by stating that "[n]otwithstanding that land may have been disqualified from special assessment" the additional taxes described in ORS 308A.703(2) shall not or may not be imposed if certain statutory requirements are met. *Page 5 
 III. CONCLUSION
The parties agree that Plaintiffs' land was removed from an exclusive farm use zone at their request and that the removal resulted in their land's disqualification from farm use special assessment. Plaintiffs allege that they meet at least one of the special circumstances set forth in ORS 308A.706 which allows the additional taxes imposed under ORS308A.703(2) to be deferred. Plaintiffs stated that they plan to make application to Defendant. Defendant incorrectly concluded that ORS 308A.709
requires that additional taxes be imposed; rather, ORS 308A.709 prevents additional taxes "imposed under ORS 308A.703" from being imposed if the land satisfies one of the listed circumstances. Plaintiffs did not allege that they met the statutory provisions of ORS 308A.709. Now, therefore,
IT IS THE DECISION OF THIS COURT that additional taxes imposed when Plaintiffs' land was disqualified from farm use special assessment may be deferred if the statutory provisions of ORS 308A.706 are met;
IT IS FURTHER DECIDED that ORS 308A.709 does not conflict with the statutory provisions of ORS 308A.706 and does not require that additional taxes be imposed if land does not meet the listed circumstances of ORS308A.709.
Dated this day of May 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner on May15, 2009. The Court filed and entered this document on May 15, 2009.
[1] References to the Oregon Revised Statutes (ORS) are to year 2007.
[2] ORS 308A.706(1)(a): "Notwithstanding that land may have been disqualified from special assessment, the additional taxes described under ORS 308A.703 shall not be imposed and shall remain a potential tax liability if, as of the date the disqualification is taken into account on the assessment and tax roll, the land is any of the following:
 "(a) Disqualified exclusive farm use zone farmland or nonexclusive farm use zone farmland that:
 "(A) Is not being used as farmland; and
 "(B) Is not being used for industrial, commercial, residential or other use that is incompatible with a purpose to return the land to farm use."
[3] ORS 308A.724(1)(a): "In order for additional taxes imposed under ORS 308A.703 to be deferred under ORS 308A.706(1)(d) (relating to change in special assessment), the owner must file an application or claim for classification under another special assessment law." (Emphasis added.) *Page 1